**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Civil Action No. 5:23-cv-00135-LLK**

JOSEPH W.                                                                              **PLAINTIFF**

**v.**

**MARTIN O'MALLEY, Commissioner of Social Security**                    **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. [Doc. 1]. Plaintiff's brief in support of judicial review is at Doc. 17, and the Commissioner's response in opposition is at Doc. 19. Plaintiff's reply, if any, was due on June 10, 2024, making this matter ripe for ruling. The parties have consented to the jurisdiction of the Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 10].

Because Plaintiff's five arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

On November 2, 2022, the ALJ issued the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. [Administrative Record, Doc. 8 at 17-31]. The ALJ found that Plaintiff was not disabled from May 24, 2021, when he alleges that he became disabled, through November 2, 2022, the decision date. *Id.*

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial activity since May 24, 2021, when he alleges that he became disabled. *Id.* at 19.

1

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: generalized anxiety disorder, personality disorder, and depressive disorder. *Id.*

Third, the ALJ found that Plaintiff has no impairment satisfying the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 20.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding his mental impairments, Plaintiff:

> … can understand, remember, and carry out simple instructions … can maintain concentration, persistence, and pace for the performance of simple tasks … can occasionally interact with coworkers and supervisors for task completion only … should perform no tandem work … should have no contact with the general public … can adapt to occasional changes in a simple work environment.

*Id.* at 22.

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 29.

Fifth, the ALJ found that Plaintiff is able to perform a significant number of unskilled jobs in the national economy such as packager, machine operator, and linen room attendant. *Id.* at 30.

## Legal Standards

The task in reviewing the ALJ's findings is limited to determining whether they are in accord with applicable legal standards and are supported by substantial evidence. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

The substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the ALJ's

decision.  *Id.*  If it does, the court affirms the decision even in the face of substantial evidence supporting

the opposite conclusion.  *Id.*

### Plaintiff's first argument is unpersuasive.

First, Plaintiff argues that he is mentally disabled under the Listing.  [Doc. 17 at PageID.457].

As indicated above, the ALJ found that Plaintiff's generalized anxiety disorder, personality

disorder, and depressive disorder do not satisfy the medical criteria of any impairment listed in Appendix

1 of the regulations.  [Doc. 8 at 19-20].  More specifically, the ALJ identified the "paragraph B" criteria as

the claimant's abilities to:  1) understand, remember, or apply information; 2) interact with others; 3)

concentrate, persist, or maintain pace; and 4) adapt or manage oneself.  *Id.* at 20.  The ALJ found that in

Plaintiff's case the "paragraph B" criteria of listings 12.04 (depressive, bipolar, and related disorders),

12.06 (anxiety and obsessive-compulsive disorders), and 12.08 (personality and impulse-control

disorders) are not satisfied:

> The undersigned finds the severity of the claimant's mental impairments, considered singly and
> in combination, do not meet or medically equal the criteria of listings 12.04 Depressive, Bipolar,
> and Related Disorders; 12.06 Anxiety and Obsessive-Compulsive Disorders; and/or 12.08
> Personality and Impulse Control Disorders.  In making this finding, the undersigned has considered
> whether the "paragraph B" criteria are satisfied.  To satisfy the "paragraph B" criteria, the mental
> impairments must result in one extreme limitation or two marked limitations in a broad area of
> functioning.  An extreme limitation is the inability to function independently, appropriately, or
> effectively, and on a sustained basis.  A marked limitation is a seriously limited ability to function
> independently, appropriately, or effectively, and on a sustained basis.

*Id.*  The ALJ found that Plaintiff does not satisfy the "paragraph B" criteria of the Listing because he is only

"moderately" limited in each of the four "paragraph B" criteria.  *Id.*

In support of his argument that he is mentally disabled under the Listing, Plaintiff relies on the

findings of Sydney Hayden, M.S., a licensed psychological associate (LPA) who treated Plaintiff at Four

Rivers Behavioral Health (FRBH) in Paducah, Kentucky.  On September 20, 2022, the LPA completed the

Medical Source Statement of Mental Abilities for Work Activities form in support of Plaintiff's disability

claim.  [Doc. 8 at 383-85].  The LPA found, among other things, that Plaintiff is:  1) moderately limited in

ability to understand, remember, or apply information; 2) extremely limited in ability to interact with others; 3) markedly limited in ability to concentrate, persist, or maintain pace; and 4) extremely limited in ability to adapt or manage oneself.  *Id.*  If accepted, the LPA's opinions, which correspond to the "paragraph B" criteria, would require an ultimate finding that Plaintiff is mentally disabled under the Listing.

Plaintiff argues that substantial evidence does not support the ALJ's discounting of the disabling "marked" and "extreme" limitations opined by the LPA.  However, as discussed below, the ALJ gave three valid reasons for discounting the disabling opinions.

First, the ALJ found the LPA's disabling opinions to be "unpersuasive" because the LPA had seen Plaintiff on only three occasions (total, all in August 2022), when the LPA gave her disabling opinions in September 2022.  *Id.* at 29.

Second, the ALJ found that the LPA's disabling opinions are "not supported by the treatment notes or any other evidence of record," including treatment records from FRBH; on the contrary, Plaintiff "has not received psychiatric inpatient or intensive outpatient treatment during the alleged period of disability."  *Id.*

Third, the ALJ found that "the frequency of the claimant's medication non-compliance and individual psychotherapy sessions is not consistent with disabling depression and anxiety."  *Id.* at 27.

There are two additional reasons (not explicitly given by the ALJ) why substantial evidence supports discounting the LPA's disabling opinions.

Fourth, to be disabling, impairments must persist at a disabled level of severity for a "continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The form did not ask, and the LPA did not volunteer that the "marked" and "extreme" limitations opined would be expected to satisfy the duration requirement.  Plaintiff told the LPA on September 27, 2022 (just one week after the LPA had completed the disability form on September 20, 2022) that he had recently "'crash[ed]' after running out of his

4

medication and stated that he had been feeling 'better' since restarting his medication a few days earlier." [Doc. 8 at 27].  This suggests that the duration requirement was **not** satisfied.

Fifth, ALJs may "properly give little weight" to findings on a "check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings."  *Ellars v. Comm'r*, 647 F. App'x 563, 566 (6th Cir. 2016).  Except for a handwritten explanation by the LPA to the effect that Plaintiff's "anxiety and depression prevent him from being able to interact appropriately for any period … has barriers to accepting criticism as it triggers his suicidal ideations" [Doc. 8 at 384], the Medical Source Statement of Mental Abilities for Work Activities form completed by the LPA was such a "check-off form."

**Plaintiff's second argument is unpersuasive.**

Second,[1] Plaintiff argues that the ALJ's mental RFC finding is not supported by substantial evidence because licensed psychological associate (LPA) Hayden's disabling opinions are entitled to "controlling weight," and that the ALJ's decision failed to identify "good reasons" for discounting the LPA's opinions. [Doc. 17 at PageID.463-64].

The argument is based on 20 C.F.R. § 404.1527(c)(2), which provides:

Treatment relationship. Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it **controlling weight**. When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give **good reasons** in our notice of determination or decision for the weight we give your treating source's medical opinion.

20 C.F.R. § 404.1527(c)(2) *(emphasis added)*.

---

[1] While this is Plaintiff's fourth argument in terms of Plaintiff's order of presentation of arguments in Doc. 17, this Opinion treat's Plaintiff's fourth argument as his second argument because it is related to his first argument.

Plaintiff's reliance on section 404.1527(c)(2) is unpersuasive because the statute applies only to claims filed before March 27, 2017, and Plaintiff filed his claim on May 24, 2021.  [Doc. 8 at 17].[2]

**Plaintiff's third argument is unpersuasive.**

Third, Plaintiff argues that the ALJ's mental RFC finding is not supported by substantial evidence because the ALJ's decision "ignores and/or minimizes the documented complaints of suicidal ideation.  TR 314, 328, 336, 346, 349, 353, 357, 361, 373, 388, 394, 400.  The ALJ only cites three instances of suicidal ideation in her analysis. TR 24, 25."  [Doc. 17 at PageID.460].

The argument is unpersuasive for three reasons.

First, an ALJ "can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party."  *Kornecky v. Comm'r*, 167 F. App'x 496, 508 (6th Cir. 2006).  The fact that the ALJ did not specifically address each complaint of suicidal ideation at pages 314, 328, 336, 346, 349, 353, 357, 361, 373, 388, 394, and 400 does not prove that the ALJ did not consider the evidence collectively.

Second, "no principle of administration law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."  *Kornecky* at 507.  In this case, there is no assurance that a remand for a more thorough discussion of Plaintiff's suicidal ideation (without plan or intent) would result in a Plaintiff-favorable decision.

Third, under the guise of substantial evidence review, the Court "may not try the case de novo nor resolve conflicts in evidence, nor decide questions of credibility."  *Cohen v. Sec'y*, 964 F.2d 524, 528

---

[2] For claims such as the present one filed on and after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources."  20 C.F.R. § 404.1520c(a).  The Commissioner will instead consider the factors found at § 404.1520c(c) during its review of these sources.  In determining the persuasiveness of a medical opinion, the Commissioner must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors." 20 C.F.R. § 404.1520c(c)(1)-(5). But the ALJ need only explain how he/she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical opinion.  20 C.F.R. § 404.1520c(b)(2).

(6th Cir. 1992); *see also Dyson v. Comm'r*, 786 F. App'x 586, 588 (6th Cir. 2019) ("This [C]ourt does not weigh evidence, assess credibility, or resolve conflicts in testimony—that's the ALJ's job."). The Court is at a loss how to assess the impact of lack of thorough discussion of suicidal ideation without reweighing the evidence or reassessing credibility, which the Court is prohibited from doing.

**Plaintiff's fourth argument is unpersuasive.**

Fourth, Plaintiff argues that the ALJ's mental RFC finding is not supported by substantial evidence because the ALJ's decision improperly states that "[a]lthough the claimant's symptoms seem to have persisted, the record includes several references to dating websites and the claimant's feelings of inadequacy in talking to women suggesting that the claimant's persistent depression and anxiety are in part due to his lack of a relationship and related low self-esteem." [Doc. 17 at PageID.461 quoting Doc. 8 at 27]. Plaintiff comments that the ALJ "does not seem to consider that his low self esteem and lack of relationship are not the reason for his depression and anxiety, rather, they are the result." *Id.* Plaintiff asks: "If that [statement by the ALJ] were the case, does this make his depression and anxiety less severe? If the Judge finds the trigger for a claimant's mental health concerns to be inappreciable, does this mean the ALJ can ignore the symptoms?" *Id.*

The argument is unpersuasive because there is no assurance that a remand for the ALJ to avoid drawing any negative inference regarding depression and anxiety based on low self-esteem and lack of relationship would result in a Plaintiff-favorable decision. The Court is at a loss how to assess the impact of any improper discounting of Plaintiff's depression and anxiety without reweighing the evidence or reassessing credibility, which the Court is prohibited from doing.

**Plaintiff's fifth argument is unpersuasive.**

Fifth, Plaintiff argues that the ALJ's finding that he is able to perform a significant number of unskilled jobs in the national economy is not supported by substantial evidence because:

> The vocational testimony was that if Mr. Watkins was unable to maintain concentration, persistence or pace for the performance of simple tasks that would be work preclusive. TR 58.

> Any individual must be able to respond appropriately to others in a work setting. Crying at work is generally not accepted as appropriate behavior. His treating therapist noted that he is unable to interact appropriately for any period of time. TR 384. Accepting the opinion of his therapist, there would be no work in the national economy that he could perform.

[Doc. 17 at PageID.465].

The argument is unpersuasive for two reasons.  First, the ALJ implicitly found that any disabling level of crying at work does not satisfy the 12-month duration requirement.  Second, as discussed in connection with Plaintiff's first argument, the ALJ properly discounted the disabling opinions of the treating therapist, i.e., LPA Hayden.

**Order**

Because Plaintiff's five arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the final decision of the Commissioner is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

June 11, 2024

**Lanny King, Magistrate Judge
United States District Court**